IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY ERIC RITESMAN, Plaintiff, vs. STATE OF MONTANA; MISSOULA COUNTY; and JENNIFER CLARK, Defendants. | No. CV 21-27-H-SEH ORDER |

Plaintiff Timothy Eric Ritesman ("Ritesman"), a state prisoner proceeding pro se, has moved to proceed in forma pauperis under 42 U.S.C. § 1983 challenging a prosecutor's decision to charge him for a misdemeanor, conviction for which the Montana Supreme Court later vacated.[1]

## I. Motion to Proceed In Forma Pauperis

Ritesman is unable to pay the full filing fee at this time.[2] His motion to proceed in forma pauperis will be granted.[3] He must, however, pay the mandatory $350.00 filing fee in installments from his inmate trust account, consisting of 20%

---

[1] Doc. 2 at 1.

[2] Docs. 1 and 4.

[3] See 28 U.S.C. § 1915(a)(1).

1

of each month's deposits if the account balance is at least $10.00.[4]

## II. Screening

The Court will liberally construe pleadings filed by Ritesman and will extend an opportunity to amend if appropriate.[5] The complaint will be reviewed to determine whether it fails to state a claim on which relief may be granted[6] and will be dismissed if pleading defects cannot be cured by amendment.[7]

## III. Allegations of the Complaint

Ritesman's complaint arises from a criminal case in Montana's Fourth Judicial District Court, Missoula County, which charged Ritesman with partner or family member assault.[8] When he appeared on the charge, the court ordered, as a condition of release, that he not have any contact with the victim. A subsequent encounter between the Ritesman and the victim resulted in Ritesman being charged with felony aggravated assault and with a misdemeanor violation of a previously issued release/no-contact order. He was found guilty of both offenses by jury trial.[9]

---

[4] 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

[6] 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1).

[7] 28 U.S.C. §§ 1915(e)(2), 1915A(b).

[8] *State v. Ritesman*, 2018 MT 55.

[9] *Id.* at ¶¶ 2–6, 10.

The Montana Supreme Court, on appeal from the convictions, held that the misdemeanor pretrial release/no-contact order had not been "issued under" Montana Code § 45-5-209, as required by that statute. The misdemeanor conviction was vacated.[10] Ritesman alleges, in this action, that the prosecutor Jennifer Clark, Missoula County, and the State of Montana, are all liable for damages he suffered from the erroneous misdemeanor charge.[11]

## IV. Analysis

### A. State of Montana

The State of Montana is not a "person" within the meaning of § 1983.[12] No claim for relief under 42 U.S.C. § 1983 against the State can be sustained.

### B. Fourth Amendment

Ritesman alleges Clark committed perjury by filing the misdemeanor charge and that his arrest on that charge violated the Fourth Amendment's protection against unreasonable seizures. He does not, however, contest the existence of probable cause to support the felony charge of aggravated assault and does not contest that his arrest warranted filing of the felony aggravated assault charge. He

---

[10] *Id.* ¶ 18.

[11] Doc. 2 at 2-3.

[12] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

has not properly alleged that his arrest violated his Fourth Amendment rights.

## C. Due Process

Ritesman alleges that Clark violated his Fourteenth Amendment right to due process[13] and asserts that Clark's "perjury" subjected him to "conviction."[14] At trial, Clark acted as an advocate, and not as a complaining witness. She is entitled to absolute immunity against this claim.[15]

The substantive component of the Due Process Clause bars government action that is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."[16] However, no Due Process Clause violation against Missoula County has been stated.[17]

In Ritesman's case, the Montana Supreme Court held that the release/no-contact order that did not comply with Montana Code § 45-5-209(5) and that did not refer to § 209 was not "issued under" § 209.[18] No previous decisions in support

---

[13] Doc. 2 at 1.

[14] *Id.* at 2.

[15] *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976); *see also supra* n.12.

[16] *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926); *see, e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997).

[17] *See, e.g., Leatherman v. Tarrant County Narcotics and Intelligence Coord. Unit*, 507 U.S. 163, 166 (1993).

[18] *Ritesman* at ¶ 13–18.

of the ruling on that issue were cited by the Montana Supreme Court. This Court has found none. In the absence of pre-existing binding or at least persuasive authority from the Montana Supreme Court, a reasonable interpretation of § 45-5-209 could not have been said to be "clearly arbitrary and unreasonable" or to have deprived the defendant of due process.

Ritesman has made no assertion that would allow the Court to conclude that the misdemeanor prosecution was unreasonable under MCA § 45-5-209(1),[19] which authorizes state courts to issue "a standing no contact order" to be served on defendants upon arrest for partner or family member assault ("PFMA").[20] Additionally, MCA § 45-5-209(7) authorizes a court to issue a no-contact order "at the time of the defendant's arraignment or at any other appearance of the defendant"[21] and requires that such a no-contact order be "in writing" and "given to the defendant when it is issued."[22] However, MCA § 45-5-209(5) does require "[t]he court order must state" that violating it is a criminal offense.[23]

---

[19] *Id.* at ¶¶ 15–17.

[20] Mont. Code Ann. § 45-5-209(1).

[21] Mont. Code Ann. § 45-5-209(7).

[22] *Id.*

[23] *See id.* § 209(5).

MCA § 45-5-209 addresses no-contact orders in PFMA cases. A reasonable person, absent any precedent stating otherwise, could believe that a no-contact order, issued in a PFMA case, even if it did not mention or specifically comply with MCA § 45-5-209, was issued under that statute. Although the lower court's interpretation of MCA 45-5-209 proved to be wrong, it was not arbitrary or unreasonable. Ritesman's conviction at the trial level under MCA § 45-5-209 did not violate the Due Process Clause.

### D. State Law

Ritesman alleges violation of his rights under State law. Section 1983 does not provide a cause of action for state law violations.[24] Jurisdiction over any state law claims is declined.[25]

### V. Conclusion

The facts as alleged do not violate Ritesman's constitutional rights. Amendment will not cure the defects. The Montana Supreme Court's dismissal of the misdemeanor conviction for failure to comply with MCA § 45-5-209 fully addressed and resolved questions related to the lower court's erroneous release/no-

---

[24] *See, e.g., Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[25] 28 U.S.C. § 1367(c)(3).

contact order. Further review of the dismissal of the misdemeanor conviction is not warranted.[26]

ORDERED:

1. Ritesman's Motion and Affidavit to Proceed Without Payment of Filing Fee for a § 1983 Claim[27] is GRANTED.

2. The complaint[28] is DISMISSED for failure to state a claim.

3. The clerk shall enter, by separate document, a judgment of dismissal.

4. Leave to amend is denied.

5. The Court CERTIFIES that appeal would not be in good faith.

DATED this 15th day of July, 2021.

Sam E. Haddon
United States District Court

---

[26] Fed. R. App. P. 24(a)(3)(A), (4)(B).

[27] Doc. 1.

[28] Doc. 2.